
I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.
DATED: 7/15/10
DEPUTY CLERK


FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
JUL 1 5 2010
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BROWN-MONROE,<br><br>Petitioner,<br><br>vs.<br><br>M.D. McDONALD, Warden,<br><br>Respondent. | Case No. CV 10-5076-JHN (RNB)<br><br>ORDER TO SHOW CAUSE |

On July 6, 2010, petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Petition purports to be directed to a judgment of conviction sustained by petitioner in Los Angeles County Superior Court on June 7, 2007, following petitioner's nolo contendere plea to multiple charges pending against him (and his admission of the truth of various sentence enhancement allegations). Petitioner alleges in the Petition that his counsel rendered ineffective assistance in various respects and that he is factually innocent of three of the counts to which he pleaded nolo contendere.

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of

California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[1] 28 U.S.C. § 2244(d) provides:

> "(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>   (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[1]   Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

Under California law in effect at the time of petitioner's conviction, an appeal had to be filed within 60 days after the rendition of the judgment. See Cal. Rules of Court, Rule 8.308(a) [formerly Rule 30.1(a)]. Where the judgment of conviction was entered upon a guilty or nolo contendere plea, the defendant was required to file a notice of intended appeal within the 60-day period, accompanied by a statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; the appeal did not become operative unless and until the trial court executed and filed a certificate of probable cause for appeal. See Cal. Rules of Court, Rule 8.304(b) [formerly Rule 30(b)]; see also Cal. Penal Code § 1237.5. Here, it appears from the face of the Petition that petitioner did not appeal from the judgment of conviction. Consequently, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" here was August 6, 2007, when petitioner's time to file a notice of intended appeal expired.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(B). Petitioner is not contending that he was impeded from filing his federal petition by unconstitutional state action. Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(C). Petitioner is not contending that any of his ineffective assistance of counsel claims or his factual innocence claim is based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Moreover, it appears to the Court that petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D). Petitioner was aware of the **factual** predicate of his ineffective assistance of counsel claims and his factual innocence claim as of the date he pleaded nolo and was sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run

when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, petitioner's last day to file his federal habeas petition was August 6, 2008, unless a basis for tolling the statute existed. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). No basis for statutory tolling under § 2244(d)(2) appears to exist here. The only collateral challenges reflected in the Petition and attachments thereto are habeas petitions that petitioner filed in turn in Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court. Petitioner would not be entitled to any statutory tolling for any of those state habeas petitions, since according to the Petition the first of them was not filed until May 22, 2009, which was more than nine months after petitioner's federal filing deadline already had lapsed. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

The Supreme Court recently held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, - U.S. -, 2010 WL 2346549, *9 (U.S. June 14, 2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Holland, 2010 WL 2346549 at *12. Here, petitioner has not purported to make any such showing in the Petition or his accompanying declaration.

In the Petition, petitioner does appear to be alleging that, even if the Petition was not timely filed, petitioner's untimeliness should be excused because he is factually innocent of three of the counts of conviction. However, any attempt by

4

petitioner to avail himself of an "actual innocence" exception to the AEDPA statute of limitations now is foreclosed by the Ninth Circuit's recent holding in Lee v. Lampert, - F.3d -, 2010 Daily Journal D.A.R. 10462 (9th Cir. July 6, 2010) that there is no "actual innocence" exception to the AEDPA's one-year limitation period.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **August 18, 2010**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. If petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way."

DATED: July 14, 2010

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE